UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUSTIN O'BRIEN, on behalf of
himself and those similarly
situated,

        Plaintiff,        CASE NO.:

vs.

FB CANDLER PARK, LLC,
D/B/A FLYING BISCUIT
CAFÉ, a Domestic Limited
Liability Company ,

        <u>Defendants.     /</u>

<u>COLLECTIVE ACTION COMPLAINT & JURY DEMAND</u>

Plaintiff, JUSTIN O'BRIEN ("Plaintiffs"), on behalf of himself and those similarly situated, sues the Defendant, FB CANDLER PARK, LLC, a Domestic Limited Liability Company (hereinafter "Defendant"), for failing to pay minimum wages and overtime to all servers/waitpersons (hereinafter "servers" or "class members") who worked in the State of Georgia, pursuant to 29 U.S.C. § 201, et al. (hereinafter the "FLSA").

## Nature of Case

1. This is an action by the Plaintiff against his former employer for failing to pay him minimum wages and unpaid overtime wages, pursuant to the Fair Labor Standards Act ("FLSA") as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. In an effort to reduce labor costs, Defendant, orchestrated a common policy and practice of forcing servers to pay for uniforms and other items improperly. Defendants' illegal practices have cost their servers potentially millions of dollars of compensation and related damages.

3. Defendant violated the FLSA by failing to pay class members that were employed in Georgia at any time within the past three (3) years (2013-2016) overtime premiums for all hours worked over forty pursuant to the FLSA.

4. In addition, Defendant violated the FLSA by failing to properly pay class members that were employed in Georgia within the past three (3) years (2013-2016) minimum wage pursuant to FLSA.

5. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201.

## Jurisdiction & Venue

6. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA, the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7. This Court has jurisdiction and venue over this complaint as each of Defendant's violations of the FLSA complained of took place in Fulton County, Georgia.

## Parties

8. Plaintiffs were hourly paid servers, bartenders and managers who worked for Defendant within the last three (3) years.

9. Plaintiff, JUSTIN O'BRIEN, worked for Defendant as a server, bartender, and assistant manager from approximately August, 2014 through the present, at the Candler Park location.

10. The proposed class members worked for Defendant at its restaurants throughout Georgia as servers, bartenders, and managers.

11.     Plaintiffs and the proposed class members were subjected to similar violations of the FLSA. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **(1) All persons who worked for Defendant as hourly paid servers, bartenders and managers within Georgia during the three (3) years preceding this lawsuit.**

The precise size and the identity of the FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant and its related and affiliated entities.

12.     Defendant's principal business where the issues which are the subject matter complained of took place is located Atlanta, Georgia, and is therefore within the jurisdiction of this Court.

13.     Defendant is a restaurant/café that provides food and beverage to its customers and has done so for over twenty (20) years.

## General Factual Allegations

14.     Plaintiff worked as server, bartender and assistant manager for Defendant.

15. Defendant paid its servers pursuant to a "tip credit" method and whereby they were paid the minimum wage minus the tip credit.

16. Plaintiff and the other servers were paid an hourly rate of two and 13/100 dollars ($2.13) in exchange for work performed as a server.

17. Plaintiff was paid $4.25 per hour as a busser.

18. Plaintiff was paid an hourly rate of thirteen and 00/100 dollars ($13.00) in exchange for work performed as an assistant manager.

19. Plaintiff and those similarly situated employees were paid "straight time" compensation in exchange for overtime hours worked.

20. In other words, Defendant did not pay Plaintiff and the other similarly situated employees any overtime premium when they worked more than forty (40) hours per week.

21. Plaintiff, and those similarly situated employees, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

22. Plaintiff worked an average of fifty (50) hours per week.

23. Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiffs overtime compensation at a rate of no less than time and one half their regular rate of pay for the hours worked over forty in a workweek.

24. Plaintiff and the class members were also not paid proper minimum wage for all hours worked.

25. Although the servers earned $2.13 per hour plus tips, Defendant deducted its expenses from them for items such as uniforms.

26. An employer may not deduct a charge for a uniform from its employees who only earn $2.13 per hour, plus tips.

27. For these reasons, Defendants violated the terms of the tip-credit and the FLSA's provision on minimum wages.

28. As a result of these common policies, Plaintiff and each similarly situated server is entitled to receive repayment of the tip credit for each hour worked as a result of being improperly deducted from their wages.

29. During their employment, one or more of the Plaintiffs complained about the illegal practices described above to management,

but it took no action to stop the illegal practices.

30. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who suffered from the same pay practice of being improperly paid the tipped minimum wage and overtime.

31. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated servers are in the possession and custody of Defendant.

## COVERAGE

32. At all material times during the last three years (2013-2016), Defendant was an enterprise subject to the FLSA provision on minimum wages.

33. At all material times (during the last three years), Defendant was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on

goods or materials that have been moved in or produced for commerce by any person.

34. Defendant's employees ran credit card transactions which transacted business in interstate commerce on a daily basis and also handled such goods as napkins, silverware, appliances, food items, and restaurant equipment which had travelled in commerce on a daily basis.

35. At all material times during the last three years (2013-2016), Defendant have had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

36. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendant as a result of his use of credit card machines and other restaurant equipment which transmitted communications in interstate commerce.

### Collective Factual Allegations

37. Class members are treated equally by Defendant.

38. Defendant subjected class members to the same illegal practice and policy by failing to pay its hourly paid employees proper overtime premiums.

39. Defendant also subjected class members to the same illegal practice and policy by forcing the Class Members to pay for uniforms.

40. Defendant pays class members in the same manner.

41. Plaintiff and all class members worked in the State of Georgia.

42. Plaintiff and all class members in the State of Georgia were not guaranteed at least the full minimum wage for all hours worked.

43. Plaintiffs and all class members were improperly paid the tipped minimum wage per hour.

44. Defendant failed to keep accurate time and pay records for Plaintiffs and all class members pursuant to 29 U.S.C. § 211(c)

45. Defendant's failure to keep accurate time and pay records casts the burden on Defendant to disprove the testimony of Plaintiff and all class members regarding the illegal deductions which they were required to pay.

46. Plaintiff have hired the undersigned law firms to represent them in this matter and are obligated to pay them reasonable fees and costs if they prevail.

**FIRST CAUSE OF ACTION**
**<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)</u>**
**<u>(Unpaid Minimum Wages)</u>**

47. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 46 as if incorporated herein.

48. Defendant failed to pay Plaintiff and the class members full and proper minimum wage.

49. Defendant has a policy and practice of forcing their servers to pay for uniforms.

50. Such a policy and practice violates the FLSA's tip credit provisions.

51. Defendant's failure to pay Plaintiffs and other servers the full minimum wage is a violation of 29 U.S.C. § 206.

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

53. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiff, JUSTIN O'BRIEN, on behalf of himself and those similarly situated, demand judgment against Defendant for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### SECOND CAUSE OF ACTION
### <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)</u>
### <u>(Unpaid Overtime Wages)</u>

54. Plaintiff reincorporates and readopt all allegations contained within Paragraphs 1 - 46 above as though fully stated herein.

55. Plaintiff is entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

56. During their employment with Defendant, Plaintiff rand the class members regularly worked overtime hours but was not paid time and one half compensation for the same.

57. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff and the class members time and one half their regular rate of pay for each hour worked in excess of forty (40)

per work week in one or more work weeks, Plaintiff has suffered damages.

58.     Defendant did not maintain and keep accurate time records regarding the overtime hours as required by the FLSA.

59.     Also, Defendant failed to post required FLSA informational listings as required by law.

60.     As a result of Defendants' willful violation of the FLSA, Plaintiff and the class members are entitled to liquidated damages.

WHEREFORE, Plaintiff, JUSTIN O'BRIEN, on behalf of himself and those similarly situated employees, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### THIRD CAUSE OF ACTION
### DECLARATORY RELIEF

61.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 46 above as though fully stated herein.

62. Plaintiff and Defendant have a pending dispute under the Fair Labor Standards Act, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331.

63. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

64. Plaintiff may obtain declaratory relief.

65. Defendant employed Plaintiff and those similarly situated employees as servers.

66. Defendant failed to pay Plaintiff and the class members full minimum wage.

67. Defendant deducted the tip credit from Plaintiff pay while requiring Plaintiff and other class members to pay for uniforms.

68. Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

69. Plaintiff is entitled to the full minimum wage pursuant to 29 U.S.C. § 206.

70. Defendant failed to pay Plaintiff and the class members proper overtime wages.

71. Defendant did not rely upon a good faith defense in their decision to make Plaintiff and other servers pay for uniforms.

72. Plaintiff and the class members are entitled to an equal amount of liquidated damages.

73. It is in the public interest to have these declarations of rights recorded as Defendant still employs hourly paid employees subject to the same policies at issue.

74. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

75. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

76. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JUSTIN O'BRIEN, on behalf of himself and those similarly situated employees, demand a declaration of rights finding all of the above allegations raised in this count to be true.

Plaintiff also demands a trial by jury.

Respectfully submitted this 14th day of December, 2016.

                          **/CARLOS V. LEACH_____**
                          Carlos V. Leach, Esq.
                          Georgia Bar No. 488443
                          MORGAN & MORGAN, P.A.
                          191 Peachtree Street NE,
                          P.O. Box 57007
                          Atlanta, GA 30303
                          Telephone:(404) 965-8811
                          Facsimile: (404) 965-8812
                          Email:    cleach@forthepeople.com